IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TIRALE O. REED**                                              **PETITIONER**

**V.**                                                    **CIVIL ACTION NO. 3:17CV604-TSL-LRA**

**SHERIFF BILLY SOLLIE**                               **DEFENDANT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pre-trial detainee Tirale Reed filed the instant petition for writ of habeas corpus relief on July 19, 2017. Respondent moves to dismiss the petition for failure to state a claim upon which relief may be granted, or in the alternative, for failure to exhaust state court remedies. Upon review of the pleadings and applicable case law, the undersigned recommends that the petition be dismissed.

In order for a court to review the claims of a state pre-trial detainee under § 2241, two prerequisites must be met. The petitioner must first be "in custody" pursuant to 28 U.S.C. § 2241(c), and second, he must have exhausted his available state remedies. *Dickerson v. State of Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987).

While a pre-trial detainee has the right to seek federal habeas relief, the availability of such relief is not without limits. *Braden v. 30th Judicial Cir. Ct. of Ky.,* 410 U.S. 484, 488–89 (1973). The right to seek federal habeas corpus relief under § 2241 "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id*. at 489. To the contrary, a pre-trial detainee is not permitted to derail "a pending state

court proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id*. at 493. The United States Supreme Court has thus drawn "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d at 1280, 1283 (5th Cir. 1976) (quoting *Braden*, 410 U.S. at 490). The Fifth Circuit has held that this distinction rests upon the type of relief requested by the petitioner: If the petitioner is attempting to dismiss the indictment or prevent the prosecution of his case, then he is seeking to abort the state proceedings. *Id.* at 1282. If he is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide him with a prompt trial. *Id.* "While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met." *Id*. at 1283.

At the time of his federal filing, Reed was awaiting trial in the custody of the Lauderdale County Detention Facility for murder, shooting into a dwelling, and felon in possession of a firearm. Reed asserts that he was held in "pretrial detention for a year without judicial actions" in violation of his right to a speedy trial. The record now reflects that Petitioner is no longer in the physical custody of the Lauderdale County Detention Facility. Respondent advises that he posted bond on August 15, 2017, and this Court's docket reflects that Reed filed a change of address on August 18, 2017, indicating that he now resides at 3400 69th Avenue, Meridian, MS 39037. Courts generally

consider a prisoner's habeas challenge to be mooted by the release from custody, unless "some concrete and continuing injury" or "collateral consequence" of the conviction exists. *Spencer v. Lemna*, 523 U.S. 1, 7(1998); *Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987). But when a prisoner merely contests the imposition or duration of his confinement, and not the conviction itself, the case becomes moot when he is no longer confined. *Lane v. Williams*, 455 U.S. 624, 631 (1982).

In the instant petition, Reed requests that he be released from custody and compensated for the time spent in pre-trial detention in violation of his right to a speedy trial. In this regard, the record shows as follows: An initial appearance was set on the pending charges, and a preliminary hearing was scheduled for July 21, 2016. Reed waived his right to a preliminary hearing and a bond was set on the pending charges on that date. A grand jury convened in August 2017, but it was continued to October 2017, after requests for further investigation were made. In response to the Court's order requesting an update on the status of the state court charges, Respondent reports that the Reed is still on bond, and this matter is currently scheduled to be presented to the grand jury during the March 2018 term.[1]

In any event, Reed attaches a "Motion to Demand a Fast and Speedy Trial," and a "Motion to Dismiss for the State's Violation of Defendant's Sixth Amendment Right to Speedy Trial" to his petition for habeas relief, both of which he asserts were "notarized

---

[1] ECF No. 7-1 – 7-2.

and [h]and delivered on July 18, 2017."[2] However, nothing of record indicates that these motions were filed in the Lauderdale County Circuit Court, and Petitioner does not assert, nor does the record reflect, "special circumstances" which would allow this Court to consider the merits of Petitioner's claims before he has been tried. The constitutional right to a speedy trial does not qualify as "a per se 'special circumstance' that obviates the exhaustion requirement." *Dickerson.*, 816 F.2d at 227. Thus, to the extent Reed seeks to raise a claim challenging the delay in indictment and trial, he must still overcome the hurdles of exhaustion before requesting federal relief. *Brown*, 530 F.2d at 1283.[3]

For these reasons, the undersigned recommends that his petition be dismissed for failure to exhaust available state remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections to the Report and Recommendation. The objections must be filed with the Clerk of Court, and the objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.

---

[2] ECF No. 9, p. 2.

[3] ECF No. 7-1 – 7-2.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation, within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on January 31, 2018.

s/ Linda R. Anderson  
UNITED STATES MAGISTRATE JUDGE